George F. Patterson, Administrator, Defendant in Error, v. William J. Jackson, Receiver, Plaintiff in Error.

Gen. No. 6,480.    (Not to be reported in full.)

Error to the Circuit Court of Iroquois county; the Hon. FRANK L. HOOPER, Judge, presiding. Heard in this court at the October term, 1917. Reversed and remanded. Opinion filed July 25, 1918.

### Statement of the Case.

Action by George F. Patterson, as administrator of the estate of William Harry Penry, deceased, plaintiff, against William J. Jackson, as receiver of Chicago & Eastern Illinois Railroad Company, defendant, to recover damages alleged to have been sustained by the widow and next of kin of deceased because of the death of Penry, due to the negligence of defendant in operation of one of its railroad trains. From a judgment for plaintiff for $4,500, defendant brings error.

FREE P. MORRIS and ROSCOE C. SOUTH, for plaintiff in error; HOMER T. DICK and W. R. HUNTER, of counsel.

DYER & DYER and SAUM & MALO, for defendant in error.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL CORPORATIONS, § 107*—*what is sufficient proof of ordinance.* Section 4 of article 5 of the Cities and Villages Act (J. & A. ¶ 1337), relating to proof of ordinances, is complied with where an ordinance printed in a book contained in the revised ordinances

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of a village, and purporting to be published by authority of the board of trustees of the village and shown by the certificate of the village clerk, under the corporate seal of the village, to have been so published, is introduced in evidence.

2. CORONERS, § 3*—*what is not within province of jury.* It is not within the province of the coroner's jury to fix the civil liability of any one growing out of an accident resulting in the death of an injured person.

3. EVIDENCE, § 232*—*what finding in coroner's verdict is inadmissible in action against railroad company for death of pedestrian.* In an action against a railroad company to recover for the death of a pedestrian who was struck by one of defendant's trains as it was passing through a village, that part of the coroner's verdict containing a finding that the signal service was out of repair and that the speed of the train was excessive and in violation of the village ordinance, was inadmissible.

4. CORONERS, § 3*—*what is proper finding at inquest over body of person killed by railroad train.* Where a person is killed accidentally by being run over or struck by a railroad train, the legitimate object of the coroner's inquest is fulfilled by a finding that the death of deceased was caused by being run over or struck by a railroad train, without adjudicating whether it was due to any one's negligence.